# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **ANTHONY COOPER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **vs.** | ] | **Case No:** |
| | ] | |
| **VASTLAND NORTHCREST DEVELOPMENT,** | ] | **JURY DEMAND** |
| | ] | |
| **Defendant.** | ] | |

## COMPLAINT

Comes now the Plaintiff, Anthony Cooper, by and through counsel and for cause of action will respectfully show to the Court as follows:

## JURISDICTION & VENUE

1.      This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

2.      This action involves the application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq* and the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101, *et. seq.* This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

4.      The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

5.      Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 27, 2024 a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

6.      Plaintiff, Anthony Cooper (hereinafter "Plaintiff" or "Mr. Cooper") is an adult male individual and citizen of the United States who resides in Gallatin, Tennessee.

7.      At all relevant times, Mr. Cooper was an employee of Vastland Northcrest Development. (hereinafter "Defendant" or "Vastland"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq* and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

8.      Defendant is a domestic limited liability company or similar business entity and regularly conducts business at 1720 West End Ave #600, Nashville, TN 37203.

9.      At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

10.     At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

11. Mr. Cooper began his employment with Vastland in August 2022 as a Warranty Manager.

12. Mr. Cooper's job duties included resolving warranty claims, overseeing the resolution of concerns brought by property owners, communicate with property owners regarding warranty work being performed, and various related duties.

13. Beginning in September 2023, Mr. Cooper also performed the job duties of the Project Manager/Jobsite Supervisor.

14. Mr. Cooper's duties as the Project Manager/Jobsite Supervisor included the specific oversight of specific build projects.

15. As a Warranty Manager, Mr. Cooper consistently performed at or above expectations and received constant praise for his performance.

16. On January 23, 2024, Mr. Cooper injured his shoulder in the course and scope of his employment.

17. While recovering from his shoulder injury, Mr. Cooper's doctor advised a temporary lifting restriction of 10 pounds until Mr. Cooper received shoulder surgery.

18. The 10-pound lifting restriction did not interfere with Mr. Cooper's ability to perform any of the essential duties of his job.

19. On February 5, 2024 Mr. Cooper notified Vastland he would undergo surgery on his shoulder on February 21, 2024.

20. As a result, Mr. Cooper submitted an oral and written request for time off from February 21, 2024 through February 23, 2024.

21. Vastland never responded to Mr. Cooper's request for leave but instead terminated him without stated cause on February 9, 2024.

22. Vastland terminated Mr. Cooper in violation of the Family and Medical Leave Act and the Americans with Disabilities Act.

23. Any other reason stated by Defendant is pretext.

### <u>COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT</u>
### (DISABILITY DISCRIMINATION)

24. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

25. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

26. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

27. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

28. Defendant was aware of Plaintiff's disability.

29. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

30. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

31. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### <u>COUNT II – VIOLATION OF AMERICANS WITH DISABILTIES ACT</u>
### (RETALIATION)

32. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

33. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

34. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

35. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

36. Defendant was aware of Plaintiff's disability.

37. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

38. Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disabilities.

39. Plaintiff also engaged in protected activity by filing a charge of discrimination with the EEOC.

40. Defendant retaliated against Plaintiff because he engaged in protected activity under the ADA.

41. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

42. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT III – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS)

43. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

5

44. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

45. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

46. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADA, 42 U.S.C. § 12112, et. seq.

47. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

48. Defendant was aware of Plaintiff's disability.

49. Defendant failed to engage in the interactive process with Plaintiff.

50. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

51. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT IV - VIOLATIONS OF AMERICANS WITH DISABILTIES ACT
### (FAILURE TO ACCOMMODATE)

52. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

53. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

54. Plaintiff was disabled in that he had an impairment which substantially limited one or more major life activities and/or major bodily functions.

55. Defendant discriminated against Plaintiff on the basis of his disability in violation

6

of the ADA, 42 U.S.C. § 12112, et. seq.

56. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

57. Defendant was aware of Plaintiff's disability.

58. Defendant failed to provide Plaintiff with reasonable accommodations.

59. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

60. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT V – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

61. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

62. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

63. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

64. Plaintiff was "entitled to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

65. Defendant interfered with Plaintiff's attempt to exercise his right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

66. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

7

67. Defendant, in terminating Plaintiff's employment for requesting FMLA willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

68. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT VI – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (RETALIATION)

69. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

70. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

71. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

72. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

73. Defendant, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615.

74. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;

(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;

(3) Back pay, benefits, and other appropriate economic damages;

8

(4)     Front pay;

(5)     Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA;

(6)     Liquidated damages pursuant to the FMLA;

(7)     Punitive damages;

(8)     All reasonable attorney's fees, costs and expenses;

(9)     Pre-judgment interest and, if applicable, post-judgment interest;

(10)    Tax offset for the increased tax liability of the back pay award; and

(11)    Such other legal or equitable relief as may be appropriate or to which he may be entitled.

Respectfully submitted,

**THE EMPLOYMENT & COMMERCE LAW GROUP**

*/s/ G. BRANDON HALL*
G. BRANDON HALL, BPR No. 034027
PO Box 330549
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com

*Attorney for Plaintiff*

9